**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| CASILLO COMMODITIES ITALIA S.P.A. | * CIVIL ACTION<br>* |
| | * NO.<br>* |
| VERSUS | * SECTION “”<br>* |
| M/V LONG CHEER, her engines, tackle and appurtenances, etc., *in rem*, and LONG CHEER SHIPPING CO., LTD., *in personam* | * MAGISTRATE ( )<br>* |

## VERIFIED ORIGINAL COMPLAINT

Plaintiff, Casillo Commodities Italia S.P.A. (“Plaintiff” or “Casillo”), files its Verified Original Complaint against the Defendants, M/V LONG CHEER (hereinafter sometimes “Vessel”) *in rem*, and, Long Cheer Shipping Co., Ltd. (“Long Cheer Shipping”), *in personam*, and upon information and belief, alleges as follows:

## JURISDICTION AND VENUE

1.

This is a case of admiralty jurisdiction, 28 U.S.C. § 1333, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to Rule C and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. This action is further brought pursuant to 9 U.S.C. § 8 for the purpose of obtaining security for foreign arbitration.

2.

Venue is proper in this Court because the Vessel is or will be within the pendency of this suit within this District.

**THE PARTIES**

3.

At all material times to this action, Casillo was and still is a corporation or other business entity organized and existing under the laws of a foreign country.

4.

Defendant M/V LONG CHEER was and still is a vessel bearing IMO No. 9471678, with gross tonnage of 24,150, sailing under the flag of Liberia. The LONG CHEER is at the time of the filing of the Verified Original Complaint and will be during the pendency of this action within the navigable waters of this district and within the jurisdiction of this Honorable Court.

5.

Defendant Long Cheer Shipping was at all material times a company organized and existing pursuant to the laws of a foreign country, with an address care of Highrich Logistics Co. Ltd., Room 3-1-502, Long Xiang Plaza, 28, Donghai Xilu, Shinan Qu, Shangdong, 266061, China. Long Cheer Shipping was and is the registered owner of the LONG CHEER.

**BREACH OF CHARTER PARTY**

6.

On or about August 22, 2016, Casillo, as charterer, and Long Cheer Shipping, as owner, entered into a Continent Grain Charterparty (the "LONG CHEER Charterparty") whereby Casillo agreed to charter the LONG CHEER for a single voyage between a berth or berths on the West Coast

of Mexico and a Puerto Cabello or Maracaibo, Venezuela. *See* LONG CHEER Charterparty, attached as Exhibit A.

7.

The LONG CHEER Charterparty provided that the Vessel would carry a cargo of 30,000 metric tons of bulk maize between the said ports, and that upon arrival at the discharge port would deliver the cargo in the same condition as received. By entering into the LONG CHEER Charterparty, Long Cheer Shipping "guarantee[d] the vessel is tight, staunch and in every way suitable to perform the intended voyage." Long Cheer Shipping further warranted that the "vessel's holds are in good condition and suitable for loading grains" and would be "presented in good condition, not resty, clean, washed down by fresh water and dry" at the loading port.

8.

On or about August 25, 2016, Casillo sold to Corporación do Abastecimiento y Servicios Agrícolas S.A. ("CASA") 30,000 metric tons of maiz blanco pursuant to a contract of sale which required Casillo to ship the product to CASA by ocean carrier, specifically, the M/V LONG CHEER. *See* Sale Recap, attached as Exhibit B. The cargo was sold at a total price of $299.00 per metric ton.

9.

On or about September 12, 2016, further to the LONG CHEER Charterparty and the Sale Recap, approximately 30,000 metric tons of Mexican white corn was loaded onboard the LONG CHEER in the port of Topolobampo Sinaloa, Mexico. *See* Bill of Lading, attached as Exhibit C. The cargo was noted as being loaded "clean on board," indicating its receipt by the LONG CHEER in good order and condition. After loading, in accordance with her charterparty, the LONG CHEER set sail for Venezuela.

10.

The LONG CHEER arrived in Venezuela on or about October 28, 2016. On or about October 29, 2016, her cargo was inspected by representatives of the Venezuelan Instituto Nacional de Salud Agricola Integral (INSAI), who found that the cargo carried in Hold Nos. 3 and 5 was wet and moldy. Accordingly, approximately 15,000 metric tons of the cargo was deemed not fit for consumption and was rejected by Venezuelan authorities.

11.

In breach of the LONG CHEER Chartparty and as a result of unseaworthy conditions of the Vessel and/or the fault and/or neglect of her Master and/or crew, the LONG CHEER and Long Cheer Shipping failed to safely and properly transport the cargo and to discharge the cargo in the same good order and condition in which it was received, instead allowed approximately 15,000 metric tons of cargo to become wet and moldy. That cargo represents a total loss or constructive total loss, for which the LONG CHEER and Long Cheer Shipping are solely responsible.

12.

Pursuant to the LONG CHEER Charterparty, any dispute arising out of the charterparty is subject to resolution by London arbitration applying English law. In anticipation of commencing arbitration pursuant to the charterparty, Casillo brings this cause for the purpose of obtaining security in aid of foreign arbitration and/or for the purpose of obtaining an order preserving evidence in the possession, custody, and control of Long Cheer Shipping.

## RULE C ALLEGATIONS

13.

Casillo incorporates and restates all foregoing allegations as Rule B allegations as if copied

here *in extenso*.

14.

The breach of the LONG CHEER Charterparty gives rise to a maritime lien under the general maritime law and/or other applicable law, and entitles Casillo to a Warrant of Arrest of the M/V LONG CHEER pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure in the full amount of the claim as set forth herein.

**<u>RULE B ALLEGATIONS</u>**

15.

Casillo incorporates and restates all foregoing allegations as Rule B allegations as if copied here *in extenso*.

16.

Long Cheer Shipping's breach of the LONG CHEER Charterparty by failing to transport and deliver the cargo in the same good order and condition in which it was received gives rise to an *in personam* claim for breach of contract in favor of Casillo for all damages caused by said breach suffered by Casillo and/or for which Casillo is or will become liable. As best as can be determined at present, said damages are in the principal sum of $4,485,000 (FOUR MILLION FOUR HUNDRED EIGHTY-FIVE THOUSAND DOLLARS AND NO CENTS), representing the total loss of 15,000 metric tons of cargo valued at $299.00/metric ton.

17.

Long Cheer Shipping, on information and belief, cannot be found within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Procedures of the Federal Rules of Civil Procedures, but has goods and chattels within this District subject to seizure, arrest, and attachment, namely the M/V LONG CHEER, her engines, tackle, apparel, furniture, bunkers, etc., which are presently within the District. Further, Long Cheer Shipping is a non-resident with no duly appointed agent for service of process within Louisiana, entitling Casillo to a Writ of Attachment pursuant to Rule B, executable against Long Cheer Shipping and all of its property within the district, including the M/V LONG CHEER, her engines, tackle, apparel, appurtenances, equipment, furniture, bunkers, etc.

18.

Casillo agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies for any loss or damages associated with the arrest and/or attachment of property as prayed for herein.

WHEREFORE, Plaintiff prays:

A. That this Verified Original Complaint be deemed good and sufficient;

B. That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against Long Cheer Shipping Co. Ltd., *in personam*, citing it to appear and answer this Verified Complaint.

C. That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Procedures of the Federal Rules of Civil Procedure may issue against the M/V LONG CHEER, her engines, tackle, boilers, equipment, appurtenances, etc., and other property aboard said vessel, *in rem*;

D. That a judgment be entered in favor of Plaintiff against the M/V LONG CHEER, *in rem*, and against Long Cheer Shipping Co. Ltd., *in personam*, together with post judgment interest,

costs of suit and attorneys' fees;

E. That the M/V LONG CHEER, her engines, tackle, apparel, etc., be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment against the M/V LONG CHEER and that this Court award Plaintiff out of the proceeds of said sale the full amount of its damages, together with interest, costs of suit and attorneys' fees; and

F. That this Court grant Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Derek W. Walker*

Derek A. Walker, T.A. #13175
Alan R. Davis, #31694
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Casillo Commodities Italia S.P.A.**

PLEASE SERVE:

M/V LONG CHEER, *in rem*
Vessel is located at Mile 117.6, Mississippi River

Long Cheer Shipping Co., Ltd., *in personam*
Through the Master of the M/V LONG CHEER